[Cite as *State v. Pizarro*, 2024-Ohio-5414.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| LUZ PIZARRO | : | Case No. 2024 CA 00047 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                                          Case No. 23-CRB-00629


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT:                       November 15, 2024


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

J. MICHAEL KING                           CHRIS BRIGDON
40 West Main Street                        8138 Somerset Road
Fourth Floor                                      Thornville, OH  43076
Newark, OH  43055

*King, J.*

{¶ 1}   Defendant-Appellant Luz Pizarro appeals the May 15, 2024 judgment of the Licking County Municipal court which found her guilty of telecommunications harassment, a misdemeanor of the first degree. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 12, 2023, a complaint was filed in the Licking County Municipal Court charging Pizarro with two counts of telecommunications harassment. The first count alleged Pizarro continued to contact the victims after being told to stop, and the second alleged she contacted the victims with purpose to abuse, threaten, or harass.

{¶ 3}   Pizarro was appointed counsel and pled not guilty to the charges. Counsel filed a motion to have Pizarro examined for competency. She was later deemed competent to stand trial.

{¶ 4}   The matter proceeded to a bench trial on May 15, 2024. The state presented the testimony of four witnesses and elicited the following facts.

{¶ 5}   Christina Schworm is a 25-year veteran of the Licking County Department of Job and Family Services (LCJFS). She is a public assistance administrator who oversees cash, food, and Medicaid. In December of 2022, Pizarro appeared at the agency's front desk and was being loud and disruptive.  Schworm and another agency supervisor were called upon to deescalate the situation. Pizarro was new to Licking County and had concerns about her case. Schworm tried to help Pizarro understand what had occurred and how it could be corrected. Schworm provided Pizarro with her email contact and sent Pizarro an email on December 30, 2022. Transcript of trial (T.) 6-10.

{¶ 6}   Thereafter, Pizarro began communicating with Schworm via email. Initially these emails did not cause Schworm any concern. T. 11. But beginning on March 22, 2023, Pizarro's communications became increasingly aggressive, abusive, and threatening. Pizarro also tracked down Schworm on Facebook, discovered details about Schworm's personal life, and sent harassing messages both on Facebook and via email.

{¶ 7}   Jennifer Ellis is the Executive Director at LCJFS and also attempted to assist Pizarro. When Pizarro accused Ellis and LCJFS of racism and harassment, Ellis provided Pizarro with the appropriate forms, in both English and Spanish, to register a formal complaint. T. 42. Pizarro also tracked down Ellis's personal information, contacted Ellis's husband who had no connection at all to LCJFS, and in an email mentioned Ellis's grandchild who has a heart condition. T. 41. In a May 8, 2023 email Pizarro advised Ellis "I don't going to stop Jennifer Ellis-Brunn you start this game let's play but I gonna teach you never ever ever fuck with my kids and a Hispanic community I don't have nothing to lose because I died long time ago believe me okay see you soon." T. 42, State's exhibit Q.

{¶ 8}   Carrie Campbell-Devolld is a fraud investigator for LCJFS. Pizarro also tracked down Campbell-Devolld's personal information and sent her harassing, threatening emails. Pizarro referred to Campbell-Devolld by a name only her family uses, stated she had Campbell-Devolld's address and stated she did not care if she got in trouble. T. 54, State's exhibit N.

{¶ 9}   Due to the threatening nature of the Pizarro's communications, all three women obtained civil protection orders against Pizarro. T. 21, 43, 55.

{¶ 10} Pizarro testified on her own behalf. She admitted she sent the emails at issue and to the threats contained therein. T. 64-67.

{¶ 11} At the conclusion of evidence, the trial court dismissed the first count of the complaint alleging Pizarro continued contacting the victims after being told to stop, but convicted her of the second count alleging Pizarro contacted the victims with purpose to abuse, threaten, or harass. The trial court sentenced Pizarro to 90 days local incarceration, suspended, placed her on community control for a year and ordered her to submit to a mental health assessment and follow through with recommended treatment.

{¶ 12} Pizarro filed an appeal and the matter is now before this court for consideration. She raises three assignments of error as follow:

I

{¶ 13} "INSUFFICIENT EVIDENCE FOR CONVICTION RELATED TO PERSONAL COMMUNICATIONS."

II

{¶ 14} "INSUFFICIENT EVIDENCE FOR CONVICTION-COMMUNICATION WAS BUSINESS-RELATED."

III

{¶ 15} "AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. "

I

{¶ 16} In her first assignment of error, Pizarro argues the state failed to produce sufficient evidence to support her conviction for telecommunications harassment as contained in count one of the complaint, continuing to contact the victims after being told

to stop. Because the trial court acquitted Pizarro on this count, the first assignment of error is overruled.

## II, III

{¶ 17} Pizarro's second and third assignments of error are interrelated and will therefore be addressed together. In these assignments of error, Pizarro argues her conviction for telecommunications harassment as contained in count two of the complaint, contacting the victims with purpose to abuse, threaten, or harass, is against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 18} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia, 443 U.S. 307 (1979).* On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins,* 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 19} Pizarro was convicted of one count of telecommunications harassment pursuant to R.C. 2917.21(B) which states "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."

{¶ 20} A person acts purposely when it is their "specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A). When adjudicating a charge of telecommunications harassment, the focus is not whether the alleged victim is annoyed or otherwise affected by the communication. Rather, the purpose of the person who made the communication is at the heart of the offense. *State v. Bonifas*, 91 Ohio App.3d 208, 211-212 (3rd Dist.1993).

{¶ 21} We note the mere use of profanity in a telecommunication does not transform that telecommunication into harassment for purposes of the statute. *State v. Patel*, 7th Dist. Belmont No. 03 BE 41, 2004-Ohio-1553, ¶ 48. But as outlined in our statement of facts, Pizarro went beyond foul language in her communications. Pizarro sought out Schworm on Facebook, commented on one of Schworm's Facebook posts, made it clear she had discovered her maiden name, the fact that she had two daughters, and that she served on a board unrelated to her employment at LCJFS. Pizarro's Facebook comment stated the purpose in making her communications was to harass: "is good harassed people, but when people do the same u get mad." T. 16., State's Exhibit 1. Pizarro also communicated to Schworm, Campbell and Ellis that she was not going to

stop "until you three pieces of shit pay." T. 19. The emails and Facebook communications were sent beginning in January of 2023, and ended May 8, 2023. State's exhibits 1, a-q.

{¶ 22} Pizarro stated her purpose was to harass, and the evidence further demonstrated she engaged in a five-month long campaign to harass all three women via Facebook posts and email messaging. We therefore conclude her conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶ 23} The second and third assignments of error are overruled.

{¶ 24} The judgment of the Licking County Municipal Court is affirmed.

By King, J.,

Wise, P.J. and

Baldwin, J. concur.